IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLES EDWARD HALL, JR.                                                   PLAINTIFF

V.                                                  CIVIL ACTION NO.2:05CV124-WAP-JAD

TATE COUNTY LAW ENFORCEMENT CENTER                   DEFENDANTS

## REPORT AND RECOMMENDATION

On October 4, 2006 an evidentiary hearing was held in this matter. The undersigned has considered the testimony and exhibits in this matter.

Hall's complaint is a laundry list of complaints about the jail. He alleges that he was locked down, without reason, notice or hearing in a filthy cell. He claimed in his complaint he was not allowed cleaning supplies and denied the normal privileges available to inmates. He claims he was kept in a cell with the lights that remained on constantly on twenty four hours a day for two weeks. He claims he was not allowed to have his clothes washed in that time. He has alleged that he has been deprived of needed medical care treatment for his athlete's foot.

LaJohn King, and Donald Laster, inmates housed with Hall, then a pretrial detainee testified that he was not a trouble maker . Neither were aware of anything Hall had done to provoke the lockdown. Hall testified that he had done nothing to deserve to be locked down. He was in lock down for two weeks and the door was not opened in that time. His testimony was focused on the fact of his lockdown, rather than anything to do with the conditions of the cell. He admitted that he had neither suffered neither a diagnosed psychiatric or physical injury from the lockdown. Hall complained that he received one tube of medicine during the eight months that he was at the Tate County Jail. He testified that he was otherwise deprived of prescribed or over-the-counter

medications to treat his athlete's foot condition. He testified that on being transferred to Central Mississippi Correctional Facility he was treated for this condition and that it cleared within two to three weeks.

George Hulett, the jail administrator, testified generally about the conditions within the jail. He testified that the lockdown was ordered, not as a disciplinary measure, but because they had received credible information through Hall's probation officer that Hall intended to escape. He testified that the cell Hall was locked down in was 9 1/2 feet by 11 feet. It was equipped with lavatory, shower and toilet. Hall was provided with regular meals and laundry was done every day.

Eddy Burrow testified that he was involved in periodic shakedowns of the inmates cells. He testified that at one point a stockpile of over-the-counter medications for athlete's foot was confiscated from Hall. He testified that over-the-counter medications are dispensed to inmates on request. He testified that the inmates generally do not sign for these medications.

Bill Meatte testified that Hall had complained about athlete's foot and had been given over-the-counter fungus medicine. Hall was allowed to see the doctor on numerous occasions. Joe Gallup also testified that inmates were provided with over-the-counter medications on request. His only recollection about the lights in the cell being on beyond the norm was when Hall requested that the lights be left on later to allow him to read law books. The sheriff also testified about the jail conditions, the skill with which his jail administrator has handled the jail and his concurrence with the propriety of Hall being locked down when the escape threat was communicated to them.

All the testimony shows that Hall's lockdown was not punitive, but done for security reasons given the threat of escape, for a limited period of time. Hall by his testimony and that of the other inmates largely abandoned claims in his complaint about the 'horrible' conditions initially alleged

2

during the period of his lockdown. To the extent that he has not abandoned those claims, the undersigned accepts the testimony of the defense witnesses that Hall was not subjected to the conditions he alleges. It was clear from his testimony that Hall was upset about what he perceived to be an unwarranted, unfair lockdown, not about the conditions of the lockdown. Hall's claim, as presented at the hearing regarding the lockdown is legally and factually frivolous.

Hall's claim that he was deprived of medical care is likewise without merit. In addition to the credible testimony of the defense witnesses regarding the provision of medical care to Hall specifically and to inmates within the Tate County Jail generally, the defendants submitted all of Hall's Tate County records, including 80 pages of medical records, medical requests, and medications records. These records show that Hall was seen repeatedly by the doctor for a variety of ailments. He was also provided with dental care. He was provided with multiple medications for assorted ailments. That these defendants would provide this level of medical care, dental care and documented prescription and non-prescription care to Hall, at obvious expense to the county, but then deprive Hall of medicine for his relatively insignificant condition, that could be treated at low cost is simply not believable. Given that Hall is entitled to complain about the level of medical care only if these defendants are deliberately indifferent to his serious medical needs, and that the proof at the hearing does not establish even negligence, this claim is frivolous.

The undersigned recommends that the judgment be entered in favor of the defendants in this action. The undersigned further recommends that this action be counted as a strike against the plaintiff pursuant to 28 U.S.C. § § 1915 (e)(2)(B)(i) and 1915(g).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of October, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE